```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRIGID DES-OGUGUA,              :     CIVIL NO. 1:06-CV-0721
                                :
          Plaintiff             :     (Judge Conner)
                                :
     v.                         :     (Magistrate Judge Smyser)
                                :
PENNSYLVANIA DEPARTMENT OF      :
COMMUNITY AND ECONOMIC          :
DEVELOPMENT and EMILY WHITE,    :
                                :
          Defendants            :
```

## REPORT AND RECOMMENDATION

The complaint in this case was filed on April 6, 2006. The plaintiff is Brigid Des-Ogugua, stated in the complaint to be a black African-American adult of Nigerian ancestry who alleges that she was deprived of her employment and was harassed and discriminated against on account of her color, her race and her national origin. The defendants are the Pennsylvania Department of Community and Economic Development, a state agency, and Emily White, a supervisor employed by the state agency.

The complaint alleges that the defendants unlawfully discriminated against the plaintiff in the course of the plaintiff's employment with the defendant state agency and in terminating the plaintiff's employment. The complaint asserts a cause of action under 42 U.S.C. §§ 1981 and 2000(e)(5) and 42 U.S.C. § 1983 and asserts causes of action under Pennsylvania state law.

A case management conference was held on July 21, 2006.  A case management order was entered on that date.

On June 6, 2006, a motion to dismiss the complaint was filed by the defendants.  (Doc. 7).  A brief in support of that motion (Doc. 8) was filed on June 20, 2006.  A brief in opposition (Doc. 9) was filed on July 10, 2006.  No reply brief was filed, and the motion is ready to be decided.  A reply brief was filed on July 19, 2006. (Doc. 11).

The complaint alleges that the plaintiff was hired as the Director of the Small Business Finance Office within the defendant state agency on or about March 17, 1997.  (Doc. 1, ¶ 16).  In late December 2001 or in early 2002 defendant White, a Caucasian and the plaintiff's supervisor, transferred the plaintiff from the Small Business Finance Center to the Center for Entrepreneurial Assistance.  *Id.*, ¶ 17.  The lending responsibilities of the plaintiff were transferred by defendant White "to Scott Dunkleberger, a Caucasian director with no lending experience."  *Id.*, ¶ 17.  The complaint alleges that "when there has been a change in governors, the Director of Pennsylvania Minority Business Development Authority and the Director of the Center for Entrepreneurial Assistance have been terminated."  *Id.*, ¶ 18.  The complaint alleges that "[t]raditionally, the head of the Small Business Assistance Division reported to the Director of the Center for

2

Entrepreneurial Assistance on the ARC program" and that "[w]hen Plaintiff became director of the Center for Entrepreneurial Assistance, Defendant White removed that responsibility from the Plaintiff." *Id.*, ¶ 19.  It alleges that although the plaintiff was eligible to be promoted to "the position of the Center for Business Financing" and had more lending experience than Dunkelberger, Dunkelberger was promoted to the position. *Id.*, ¶¶ 20-21.  It alleges that defendant White harassed the plaintiff, ignoring her and dealing directly with her subordinate employees, and that defendant White removed the plaintiff's responsibilities as Secretary's designee as Chair of the Board and did so without cause and without explanation. *Id.*, ¶ 23.

The complaint alleges that a remark disparaging to minorities and to the Minority Business Development Authority was written on a Department bulletin board in March of 2003.  The plaintiff forwarded a picture of the remark to defendant White and defendant White took no further action to determine who had written the remark.

The complaint alleges that defendant White "transferred other minorities to plaintiff's crew because of not wanting to attempt to understand their accent" (*Id.*, ¶ 24) and that defendant White in April 2003 "made a joke during a Directors' meeting that a television commercial which showed an African family traveling in a SUV and speaking in an 'animal' sounding

3

language reminded [White] of the Plaintiff and her children." *Id.*, ¶ 25.

The complaint alleges that on or about May 29, 2003, the plaintiff was notified that her position was being terminated in that the Center for Entrepreneurial Assistance was being eliminated because of a mandatory budget cut. It is alleged that a "Caucasian Director with less experience was not fired." *Id.*, ¶ 26. It is alleged that after the plaintiff had been terminated "her Caucasian subordinate, Maryann van Arsdale, was made Acting Director of the Center and held this position for five months before Isabelle Smith was hired" (*Id.*, ¶ 27) and that the Center for Entrepreneurial Assistance was never eliminated and the plaintiff was never recalled "despite her outstanding record with the Department as evidenced by her outstanding performance reviews." *Id.*, ¶ 28.

It is alleged that while a Caucasian Director was given 180 days notice of termination by defendant White and other Caucasian employees were given 30 to 90 days notice prior to termination, the plaintiff was given only ten (10) days notice prior to termination. *Id.*, ¶ 29.

It is alleged that although the plaintiff had requested to be considered for the position of Director if the office were to remain opened, and was told by agents of the defendant state

4

agency that she could apply if the position were to become available, she was not given any opportunity to apply before being informed in the fall of 2003 that the position had been "filled by Defendant Smith". (*sic*) *Id.*, ¶¶ 30-31.

The complaint alleges that, on February 15, 2006, the EEOC issued a Notice of Right to Sue. *Id.*, ¶ 39.

The complaint asserts violations of the plaintiff's "rights under 42 U.S.C. § 1981 and 42 U.S.C. § 2000(e)(5) (Title VII) and . . . under Pennsylvania law pursuant to the Pennsylvania Human Relations Act and for intentional interference with contractual relations, civil conspiracy, wrongful discharge, emotional distress, and intentional infliction of emotional distress . . ." and seeks to recover fees, costs, attorney fees and other such relief. *Id.*, page 10.

The defendants move for the dismissal of all claims against defendant White and all but the Title VII claim against defendant Pennsylvania Department of Community and Economic Development. The defendants argue in support of their motion to dismiss the complaint that the complaint fails to state a claim upon which relief can be granted against defendant Emily White under Title VII, that the Eleventh Amendment bars all claims against defendant Pennsylvania Department of Community and Economic Development except for the Title VII claims, that the Section

5

1981, Thirteenth and Fourteenth Amendment claims and state law and Section 1983 claims are barred by the statute of limitations and that the complaint fails to state a claim of unlawful discrimination upon which relief can be granted under the Pennsylvania Human Relations Act.  We will address the statute of limitations issue first.

    A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of her allegations, she would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*,

355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The statute of limitations for a 42 U.S.C. § 1983 action is the state statute that limits actions for personal injuries. *Wilson v. Garcia*, 471 U.S. 361 (1985).  In Pennsylvania, the applicable statute is 42 Pa.C.S. § 5524(2), which defines a two year limitations period.  *Fitzgerald v. Larson*, 769 F.2d 160 (3d Cir. 1985).  The limitations period begins to run when the plaintiff knows or had reason to know of the injury that constitutes the basis for the action.  *Sandutch v. Muroski*, 684 F.2d 252 (3d Cir. 1982).  Statutes as to the plaintiff's Section 1981 and state law claims are also two years.

The defendants argue in support of the motion to dismiss the complaint that all of the plaintiff's Section 1981 and Section 1983, Thirteenth Amendment and Fourteenth Amendment claims are barred by application of the two-year statute of limitations borrowed from Pennsylvania and that the plaintiff's state law claims are time-barred.

The plaintiff does not dispute the applicability of the two year statute of limitations as to her Section 1981, Section 1983, Pennsylvania Human Relations Act and other state law claims. But, she argues, the statute of limitations began to run when she received her Right to Sue letter from the EEOC and not before.

7

"Plaintiff could not bring her Title VII claims prior to this time, because she was required to exhaust her administrative remedies, and her case was pending with the EEOC." (Doc. 9, page 5).

The plaintiff's position is correct as to her Title VII claims. *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465 (3d Cir. 2001).

The plaintiff seeks a ruling that would toll the borrowed two year statute of limitations for Sections 1981 and 1983 claims when they are brought in combination with a timely Title VII claim on the basis that "bringing all of these claims at one time is in the interest of judicial economy." (Doc. 9, page 5).

The plaintiff cites *Brennan v. Norton*, 350 F.3d 399 (3d Cir. 2003), and no other authority, in this section of her brief. The *Brennan* decision is not helpful to a resolution of the issue of the statute of limitations. There is no other authority for a determination that the claims of the plaintiff other than the Title VII claims are not untimely, as they clearly appear on their face to be. The plaintiff's judicial economy argument is not an argument that the plaintiff did not know as of the time of her termination of the injury constituting the basis for her causes of action. The defendants' motion to dismiss the claims other than the Title VII claims should be granted because the

8

claims are barred as untimely.

We will now address the contention of defendant Emily White that the Title VII claim should be dismissed as to her because an individual may not be held liable under Title VII.  Her position is supported by the law.  *Sheridan v. E.I. Du Pont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996).  The Title VII claim should be dismissed as to defendant Emily White.

Since the Section 1981, Section 1983, Pennsylvania Human Relations Act claim and other state law claims should be dismissed because they are time barred, there is no reason for the court to reach the defendants' arguments that the Department of Community and Economic Development is immune from suit as to the 42 U.S.C. § 1981 claims, that a claim upon which relief can be granted under the Pennsylvania Human Relations Act is not stated or that the defendants are immune as to the plaintiff's state law claims.

It is recommended that the defendants' motion to dismiss the complaint be granted and that all of the plaintiff's claims against defendant Pennsylvania Department of Community and Economic Development except for the Title VII claim be dismissed,

and that all claims except for the PHRA claim against defendant White be dismissed, and that the case be remanded to this magistrate judge.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:   September 1, 2006.