IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIGID DES-OGUGUA,** : | **CIVIL ACTION NO. 1:06-CV-0721** |
| Plaintiff : | **(Judge Conner)** |
| v. : | |
| **PENNSYLVANIA DEPARTMENT** : | |
| **OF COMMUNITY AND ECONOMIC** : | |
| **DEVELOPMENT and EMILY WHITE**, : | |
| Defendants : | |

## ORDER

AND NOW, this 16th day of October, 2006, upon consideration of the report of the magistrate judge (Doc. 14), to which no objections were filed, recommending the granting of defendants' motion to dismiss (Doc. 7) with respect to all of plaintiff's claims[1] except her Title VII claim against defendant Pennsylvania Department of Community and Economic Development ("Department") and her Pennsylvania Human Relations Act ("PHRA") claim against defendant Emily White ("White"),[2] and, following an independent review of the record, the court finding

---

[1] Plaintiff asserts claims of unlawful discrimination under: (1) the Civil Rights Act, 42 U.S.C. § 1981, (2) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and (3) the Pennsylvania Human Relations Act, PA. STAT. ANN. tit. 43, § 955.  (Doc. 1 ¶¶ 1, 11.)  Plaintiff also asserts various state tort claims, including "intentional interference with contractual relations, civil conspiracy, wrongful discharge, emotional distress, and intentional infliction of emotional distress."  (Doc. 1 ¶ 40.)

[2] Defendants concede that these two claims survive their motion to dismiss. (See Doc. 11 at 7.)

that plaintiff's state tort and § 1981[3] claims are barred by the applicable statute of limitations, see 42 PA. CONS. STAT. ANN. § 5524 (establishing a two-year statute of limitations for state tort claims), that White may not be held liable under Title VII because she is an individual employee rather than an employer, see Le v. Univ. of Pa., 321 F.3d 403, 409 n.3 (3d Cir. 2003) (noting that "Congress did not intend to hold individual employees liable under Title VII"), and that the Department may not be held liable under the PHRA[4] because of its Eleventh Amendment immunity from suit in federal court, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (noting that a state agency cannot be sued in federal court without its consent); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981) (same); see also 42 PA. CONS. STAT. ANN. § 8521(b) (withholding consent to suit in federal court), it is hereby ORDERED that the report and recommendation of the magistrate judge (Doc. 14) is ADOPTED as follows:

1. Defendants' motion to dismiss (Doc. 7) is GRANTED with respect to plaintiff's state tort and § 1981 claims against all defendants, as well as plaintiff's Title VII claim against White and PHRA claim against Department.  See FED. R. CIV. P. 56(c).

---

[3] Plaintiff concedes that her § 1981 claims are barred by the two-year statute of limitations of 42 PA. CONS. STAT. ANN. § 5524.  (See Doc. 9 at 5.)

[4] The magistrate judge bases dismissal of plaintiff's PHRA claim against the Department on the statute of limitations.  However, it is not clear whether this claim is time-barred.  A plaintiff has two years in which to file suit under the PHRA after receiving notification from the Pennsylvania Human Resources Commission.  See 42 PA. CONS. STAT. ANN. § 962(c)(2).  While plaintiff alleges that she received her right-to-sue letter from the Equal Employment Opportunity Commission on February 15, 2006, it is unclear when plaintiff received notification from the Pennsylvania Human Relations Commission.  (See Doc. 1 ¶ 39.)

2. The motion is dismiss (Doc. 7) is otherwise DENIED.

3. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge