IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIGID DES-OGUGUA,** | : | CIVIL ACTION NO. 1:06-CV-0721 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF COMMUNITY AND ECONOMIC** | : | |
| **DEVELOPMENT and EMILY WHITE,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 13th day of July, 2007, upon consideration of the report of the magistrate judge (Doc. 44), to which no objections were filed, recommending the granting of defendants' motion for summary judgment (Doc. 34) with respect to plaintiff's Title VII claim against defendant Pennsylvania Department of Community and Economic Development ("Department") and her Pennsylvania Human Relations Act ("PHRA") claim against defendant Emily White ("White"),[1] and, following an independent review of the record, it appearing that plaintiff, who is an African-American female and a member of a protected class (see Doc. 36 ¶ 1; Doc. 41 ¶ 1), suffered an adverse employment action when she was terminated from her position of employment, but that the circumstances of her termination do not

---

[1] Plaintiff originally asserted claims of unlawful discrimination under: (1) 42 U.S.C. § 1981, (2) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and (3) the Pennsylvania Human Relations Act, PA. STAT. ANN. tit. 43, § 955. (Doc. 1 ¶¶ 1, 11.) Plaintiff also asserted various state tort claims, including "intentional interference with contractual relations, civil conspiracy, wrongful discharge, emotional distress, and intentional infliction of emotional distress." (Doc. 1 ¶ 40.) With the exception of the two claims for which defendants now seek summary judgment, plaintiff's claims were dismissed by order of court dated October 16, 2006. (Doc. 18.)

give rise to an inference of discrimination (see Doc. 36 ¶ 34; Doc. 41 ¶ 34),[2] and the court finding that plaintiff has failed to establish a *prima facie* case of discrimination, see Johnson v. Keebler-Sunshine Biscuits, Inc., No. 06-3219, 2007 WL 215801, at *2 (3d Cir. 2007) (discussing the elements of the *prima facie* case), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 44) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 34) is GRANTED. See FED. R. CIV. P. 56(c).[3]

3. The Clerk of Court is directed to enter JUDGMENT against plaintiff and in favor of defendants Pennsylvania Department of Community and Economic Development and Emily White.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Plaintiff and forty-three other individuals were terminated as part of a departmental reorganization. Of the forty-four terminated employees, thirty-seven were Caucasian, four were African-American, two were Asian, and one was Hispanic. (Doc. 36 ¶ 34; Doc. 41 ¶ 34.) In addition, twenty-three were male and twenty-one were female. (Id.) These statistics do not suggest any racial or gender animus. Plaintiff also points to several derogatory statements made by her supervisors to establish an inference of discrimination. At best, these statements are the type of stray remarks that are insufficient to establish a discriminatory animus. Windfelder v. The May Dep't Stores Co., 93 F. App'x 351, 355 (3d Cir. 2004) ("Stray remarks by . . . decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision.").

[3] Having found plaintiff's remaining federal claim to be insufficient to survive summary judgment, the court declines to exercise supplemental jurisdiction over plaintiff's state law PHRA claim. See 28 U.S.C. § 1367(c) ("The district court[] may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").